## UNITED STATES, by DOWELL, Prosecutor, v. GRISWOLD.[1]

*(Circuit Court, D. Oregon. April 13, 1887.)*

CLAIMS AGAINST UNITED STATES—QUI TAM ACTION—JUDGMENT—COMPROMISE.
    Where a person has, pursuant to section 3491, Rev. St. U. S., in the name of the United States, sued a party for defrauding the United States by making false claims, defraying all the expenses of the suit, and obtained judgment of $23,576, the secretary of the treasury cannot, under section 3469, authorizing him to compromise claims in favor of the United States, satisfy the judgment for $100, and thus confiscate such prosecutor's right to the costs and one-half said judgment, as provided by section 3491.

[1] Affirming 24 Fed. Rep. 361.

Error to the District Court.

The secretary of the treasury, having attempted to compromise a judgment obtained in the district court by the prosecutor against the defendant for the violation of section 5438 of the Revised Statutes, on which there was still due the sum of $23,576, for the sum of $100, under section 3469 of said statutes, the district attorney moved the court for leave to enter satisfaction of the judgment, as well for the half belonging to the prosecutor as for that belonging to the United States. The district court denied the motion, on the ground that the action was under the control of the prosecutor, and that one-half the judgment belonged to him absolutely. The United States then carried the case to the circuit court on a writ of error, and assigned for error the refusal of the district court to allow the motion for leave to enter satisfaction.

*Lewis L. McArthur,* for the United States.

*James K. Kelly,* for the prosecution.

SAWYER, J. The district judge has fully discussed the question as to the authority of the secretary of the treasury to compromise the matter involved, in such manner as to cut off the right of Dowell, who prosecuted this action, at his own expense, in pursuance of the statutes, and recovered a large judgment against Griswold. *U. S.* v. *Griswold*, 24 Fed. Rep. 361. I fully concur in the reasoning, and conclusion of the district judge, and can add nothing of importance to what he has so well said. Dowell, as appears upon the record, is the real prosecutor. He used the name of the United States, but paid all the expenses, and prosecuted the suit, as authorized and required by section 3491 of the Revised Statutes. By this provision of the statute, upon recovering judgment, he became, absolutely, entitled to one-half of the judgment recovered for forfeiture and damages, and all the amount of costs for which judgment was rendered. When this judgment was recovered and became final, the title to one-half of it became absolutely vested in him, as his property. It was what he earned by performing the statutory conditions. There was a judgment for costs in favor of Dowell, the real prosecutor, to the amount of nearly $3,000. This was for his own money, expended by him in prosecuting the action, in which the United States never had any interest. His right of property in this part of the judgment, and his one-half of the judgment recovered for forfeiture and damages, was as absolute, and perfect, after he had performed all the statutory conditions, as his right to any other piece of property could possibly be; and the United States could no more divest him of it, than of any other private property owned by him. To compromise this matter in such a manner as to release the entire judgment, would be, to simply, and arbitrarily, confiscate Dowell's property. While the secretary may, under the statute, compromise and release the interest of the United States, he cannot affect Dowell's rights, fully vested. Even if the power exists in congress to affect Dowell's rights, it will not be presumed that the statute, authorizing, generally, a compromise of the interests of the government in suits pending in its favor, contemplates the confiscation of Dowell's rights of

property, fully vested in him by the performance of all the conditions required by the statute, and after he had become absolute owner of a portion of the judgment. A statute designed to effect such injustice should be far more specific in its provisions, than the one in question. It is clear to my mind, that the statute relied on by the government, was not intended to embrace that portion of the claim and judgment absolutely vested in Dowell, or claims similarly situated. We cannot impute to congress a deliberate intention to provide for the confiscation of private property, whether it has the power to do so or not, unless that intention is expressed in terms so plain, and explicit, that they will bear no other construction.

The judgment of the district court is affirmed.